**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **SHERI DANIELS**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:14-CV-1746-L** |
| | § | |
| **COMPASS BANK**, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Plaintiff's Motion to Remand, filed June 1, 2014. After careful consideration of the motion and brief, response, record, and applicable law, the court **grants** Plaintiff's Motion to Remand and **remands** this action to the 298th Judicial District Court, Dallas County, Texas.

**I.     Background**

Sheri Daniels ("Plaintiff" or "Daniels") filed this action against Compass Bank ("Defendant" or "Compass") on April 3, 2014, in the 298th Judicial District Court, Dallas County, Texas. By way of Plaintiff's Original Petition ("Petition"), Daniels asserts a claim for breach of contract; and she seeks damages, a declaratory judgment, a mandatory injunction, and attorney's fees. Pl.'s Orig. Pet. 3-5. From what the court can ascertain, the overarching goal of this action is to obtain a judicial declaration from the court as to the remaining balance owed on a home equity loan (the "Loan") obtained by Daniels in 2005. Daniels signed a Promissory Note ("Note") in connection with the Loan. The Loan is secured by a Deed of Trust covering Daniels's property (the "Property") located at 8106 Barbaree Boulevard, Dallas, Texas. Compass is the current holder of the Note and Loan.

**Memorandum Opinion and Order – Page 1**

Compass removed this action to federal court on May 12, 2014, contending that, as required by 28 U.S.C. § 1332(a), complete diversity of citizenship exists between the parties and the amount in controversy, exclusive of interest and costs, exceeds $75,000. Daniels counters that Compass has not met its burden to show that the amount-in-controversy requirement has been satisfied. The parties do not dispute that complete diversity exists between them. Moreover, as the court independently determines that there is complete diversity between the parties, it will focus its analysis solely on whether the amount-in-controversy requirement has been satisfied by Compass.

## II.     Analysis

### A.     Standard for Amount in Controversy in Diversity Cases

For diversity purposes, the amount in controversy normally is determined by the amount sought on the face of the plaintiff's pleadings, so long as the plaintiff's claim is made in good faith. 28 U.S.C. § 1446(c)(2); *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). Removal is thus proper if it is "facially apparent" from the complaint that the claim or claims asserted exceed the jurisdictional amount. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.), *reh'g denied*, 70 F.3d 26 (5th Cir. 1995). In a removal case, when the complaint does not state a specific amount of damages, the defendant must establish by a preponderance of the evidence that "the amount in controversy exceeds the [$75,000] jurisdictional amount." *St. Paul Reinsurance*, 134 F.3d at 1253. "The preponderance burden forces the defendant to do more than point to a state law that *might* allow the plaintiff to recover more than what is pled. The defendant must produce evidence that establishes that the actual amount of the claim will exceed [the jurisdictional amount]." *De Aguilar*, 47 F.3d at 1412 (footnotes omitted). The test to be used by the district court is "whether it is more likely than not that the amount of the claim will exceed [the jurisdictional amount]." *St.*

**Memorandum Opinion and Order – Page 2**

*Paul Reinsurance*, 134 F.3d at 1253 n.13. As the Fifth Circuit has stated, "[t]he district court must first examine the complaint to determine whether it is 'facially apparent' that the claims exceed the jurisdictional amount. If it is not thus apparent, the court may rely on 'summary judgment-type' evidence to ascertain the amount in controversy." *Id.* at 1253. If a defendant fails to establish the requisite jurisdictional amount, the court must remand the case to state court. If a defendant establishes that the jurisdictional amount has been met, remand is appropriate only if a plaintiff can establish "to a legal certainty" that his recovery will not exceed the jurisdictional threshold. *In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 387-88 (5th Cir. 2009).

"'In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of litigation.'" *Farkas v. GMAC Mortg. L.L.C.*, 737 F.3d 338, 341 (5th Cir. 2013) (quoting *Hunt v. Washington State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)). Stated more precisely, "'the amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented.'" *Farkas*, 737 F.3d at 341 (quoting *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983)).

Any doubts as to the propriety of removal should be construed strictly in favor of remand. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." *St. Paul Reinsurance*, 134 F.3d at 1253 (footnote omitted). Accordingly, if a case is removed to federal court, the defendant has the burden of establishing subject matter jurisdiction; if a case is initially filed in federal court, the burden rests with the plaintiff to establish that the case "arises under" federal law, or that diversity exists and that the amount in controversy exceeds the jurisdictional threshold.

**Memorandum Opinion and Order – Page 3**

### B.   Contentions of the Parties

#### 1.   Plaintiff

According to Daniels, she filed this action because she was "stymied in her attempts to obtain information to permit independent calculation and verification of the correct pay-off amount of the Loan." Pl.'s Mot. to Remand 1 (citing Pl.'s Orig. Pet., §§ III (D) & (H)). Although Plaintiff filed a breach of contract claim and seeks damages in her Petition, she emphasizes that "the object of the Petition is to obtain a judicial declaration of the balance owing on the Loan, and injunctive relief requiring that [Compass] accept payment of the amount judicially declared to be owing in satisfaction of the Loan." *Id*. Daniels does not seek relief from any foreclosure efforts. As a result of the pleadings and what she seeks, Daniels contends that Compass has failed to establish by a preponderance of the evidence that the amount in controversy exceeds $75,000. Daniels argues that the unauthenticated record regarding the valuation of her Property used by Compass is not the proper way to determine the amount in controversy because she is not requesting an injunction against foreclosure. She contends that the amount in controversy, at most, is $36,448.96, as it is the figure that Compass stated would be necessary to pay off the Loan.

#### 2.   Defendant

Compass contends that Plaintiff's Petition seeks damages of $100,000 or less and that this amount is inconsistent with her current assertion that the amount in controversy is the amount set forth in the payoff statement Compass provided to her. Defendant also contends that Plaintiff seeks declaratory and injunctive relief related to the debt secured by the Property and that the amount in controversy should be determined by the value of the object of the litigation, which is the value of the right to be protected or the injury prevented. According to Compass, since Plaintiff disputes the amount of arrearage on the debt, which is secured by the Property that is claimed by

**Memorandum Opinion and Order – Page 4**

Defendant, the validity of Defendant's right to the Property is called into question and therefore the value of the Property determines the amount in controversy.[1]  The court disagrees.

### C.   Discussion

First, Defendant's argument that Plaintiff seeks $100,000 or less and nonmonetary relief does little or nothing to establish the amount in controversy.  When a party files an original pleading in a Texas state court, applicable state law requires the pleading to include one of five categories of relief sought.  Tex. R. Civ. P. 47(c)(1)-(5).  By including the statement in the Petition, Plaintiff was merely complying with relevant Texas law.  Moreover, the category selected by Plaintiff does not establish that the amount necessarily exceeds $75,000, as the category she selected also includes $75,000 and amounts under $75,000, all of which are less than the jurisdictional threshold.  Defendant's speculation and interpretation as to the amount of specific monetary relief sought by Plaintiff does not provide the basis for establishing that the amount in controversy exceeds $75,000.

Second, Compass misconstrues what constitutes the object of the litigation.  "'[W]hen the validity of a contract or a right to property is called into question in its entirety, the value of the property controls the amount in controversy.'"  *Nationstar Mortg., LLC v. Knox*, 351 F. App'x 844, 848 (5th Cir. 2009) (quoting *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983)).  Compass urges the court to follow this authority and hold that the alleged value of the Property, $293,440, is the amount in controversy.

---

[1] According to Compass, records of the Dallas County Appraisal District value Plaintiff's Property at $293,440, and Compass urges the court to accept this figure as the amount in controversy.

**Memorandum Opinion and Order – Page 5**

In this action, Plaintiff seeks a declaration from the court as to the balance owed on the Loan and a mandatory injunction requiring Compass to accept payment of the amount the court declares that is owed to satisfy the Loan. She does not question the validity of a contract,[2] call into question the right to the Property in its entirety, or seek to enjoin foreclosure proceedings. Daniels seeks a judicial declaration and mandatory injunction because she disputes the amount of the remaining balance of the Loan and wants to avoid or prevent further injury, or loss to her. Thus, it is the balance owed, not the value of the Property, that is the object of litigation and determines the amount in controversy. According to Compass, as of April 30, 2014, this amount was $36,448.96, which is disputed by Daniels and is less than half of the amount required to meet the jurisdictional threshold.

Daniels also seeks attorney's fees in this action. Attorney's fees may be included to determine the amount in controversy when such fees are permitted by contract or a state statute. *Foret v. Southern Farm Bureau Life Ins. Co.*, 918 F.2d 534, 537 (5th Cir. 1990) (citations omitted). No information, however, has been provided to the court as to the amount of attorney's fees that Daniels seeks; thus, the court has no monetary amount for attorney's fees that could be added to the value of the object of the litigation to meet the amount-in-controversy requirement.

For these reasons, the court concludes that Compass has failed to carry its burden and establish that the amount in controversy more likely than not exceeds $75,000. As the jurisdictional threshold has not been met, the court lacks subject matter jurisdiction to entertain this action.

---

[2] Although Daniels asserts a claim for breach of contract, she does not question the *validity* of any contract, as one of the elements for such claim is that a *valid* contract must exist between the parties.

**Memorandum Opinion and Order – Page 6**

## III.    Conclusion

For the reasons stated herein, the court determines that Defendant has failed to establish that the amount in controversy exceeds $75,000.  Accordingly, the court **lacks** subject matter jurisdiction to hear this action, **grants** Plaintiff's Motion to Remand, and **remands** this action to the 298th Judicial District Court, Dallas County, Texas.  The clerk of court shall effect this remand in accordance with the usual procedure.

**It is so ordered** this 30th day of October, 2014.

*[signature]*
Sam A. Lindsay
United States District Judge